Allison J. Wood, Esq. (SBN 224756)
**LAW OFFICE OF ALLISON J. WOOD**
1300 Clay Street, Suite 600
Oakland, CA 94612
Tel - (510) 986-0406
Fax - (510) 483-5503

Attorneys for Debtor
Carole DePuydt Meier

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

IN RE:                                    ) Case: 11 - 42880
                                          )
                                          ) DEBTOR'S OBJECTION TO
                                          ) CLAIM # 18 (Claimant :U.S. Bank,
                                          ) N.A - filed 04/29/1011 in the amount
      CAROLE DEPUYDT MEIER                ) of $654,204.35)
                                          )
                                          )
                                          )
      Debtor                              )
_____)

CAROLE DEPUYDT MEIER, (hereinafter "Debtor") by and through her counsel, Allison j. Wood, hereby objects to CLAIM #  18 (Claimant :U.S. Bank, N.A - filed 04/29/1011 in the amount of  $654,204.35) a copy of which is attached hereto and marked Exhibit A.

The basis for the objection is that U.S Bank, N.A has failed to make the required showing that it is the holder of Debtor's note.

To evidence it's standing as holder of the Note, U.S Bank, N.A appends to the Proof of Claim an Assignment and Assumption of Interests and Obligations agreement dated April 20, 2009 between the FDIC and U. S. Bank, N. A which in turn, references a Loan Sale Agreement pursuant to which the FDIC  agreed to sell, assign, transfer and convey to the U. S. Bank, N. A "all the assets identified on Exhibit A attached to this Agreement".  No Exhibit A is appended to the Proof of Claim and therefore there is no evidence before the Court that Debtor's Note was one of the assets acquired by the U. S. Bank, N. A from the FDIC.

Neither does U. S. Bank, N. A append the Loan Sale Agreement referenced in the

Assignment and Assumption of Interests and Obligations agreement to the Proof of Claim notwithstanding that this would appear to be the foundational document underlying the assignment between the FDIC and U. S. Bank, N. A and therefore U. S. Bank, N. A's claim.

The Assignment and Assumption of Interests and Obligations agreement is in itself contradicted by the Affidavit of the FDIC dated 10/28/2009. The Assignment and Assumption of Interests and Obligations agreement references a Loan Sale Agreement as being the instrument under which the FDIC agreed to assign Downey's assets to the U. S. Bank, N. A, yet the deponent, Mr. Carr, refers in that affidavit to a Purchase and Assumption Agreement of 11/21/08 as being the relevant document under which the U. S. Bank, N. A "acquired certain of the assets, including all loans and all loan commitments of Downey Savings".

Paragraph 3.1 of the Purchase and Assumption Agreement actually provides that the U. S. Bank, N. A purchased from the FDIC all right, title and interest of the FDIC in the assets set forth in Schedule 3.1 attached and incorporated to that agreement "subject to Sections 3.5 and 3.6". Schedule 3.1 is blank, according to the FDIC's website. Section 3.5 however provides what assets are expressly not purchased by the U. S. Bank, N. A which includes at subsection (m) "single family residence loans", of which Debtor's Note is one.

The Purchase and Assumption Agreement did not therefore assign "all loans and all loan commitments of Downey Savings" but in fact expressly stated that loans like Debtor's Note were not to be assigned.

Debtor respectfully submits that by virtue of the above, U. S. Bank N.A has no standing to submit Claim # 18.

Dated: September 19, 2011　　　　　　　　　　Law Office of Allison J. Wood


　　　　　　　　　　　　　　　　　　　　　　_/s/ Allison Wood _____
　　　　　　　　　　　　　　　　　　　　　　Allison J. Wood
　　　　　　　　　　　　　　　　　　　　　　Attorney for the Debtor